UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NOEL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBLOX CORPORATION,<br><br>    Defendant. | Case No. 3:24-cv-00963-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS AND PLAINTIFFS' MOTION TO AMEND**<br><br>Re: Dkt. Nos. 25, 26, 28, 39 |

Raymond and Laura Noel's minor children are regular users of the Roblox gaming platform. The Noels (the parents) bring a putative class action against Roblox Corporation ("Roblox"), alleging Roblox's conduct is deceptive and unfair. Now pending before the Court is Roblox's motion to compel Plaintiffs to arbitration (Dkt. No. 26)[1], or, in the alternative, to dismiss the complaint (Dkt. No. 28), along with a motion to seal certain documents. (Dkt. No. 25.) In addition, a week before the oral hearing, Plaintiffs filed a motion for leave to file an amended complaint (Dkt. No. 39), which also remains pending. Having carefully considered the briefing, and with the benefit or oral argument on August 8, 2024, the Court DENIES Plaintiffs' motion for leave to amend, GRANTS Roblox's motion to seal and DENIES Roblox's motion to compel arbitration and motion to dismiss without prejudice pending resolution of whether Roblox has an enforceable arbitration agreement with Plaintiffs. On this record, Roblox has not shown as a matter of undisputed fact the existence of an arbitration agreement between Plaintiffs and Roblox.

**COMPLAINT ALLEGATIONS**

"Roblox is an online game creation system and platform, where users can program their

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

own games or play games created by other users." (Dkt. No. 1 ¶ 2.) "The Roblox platform consists of two primary layers: Roblox Client and Roblox Studio." (*Id.* ¶ 53.) "Roblox Client functions more as a game and allows users to explore 3D digital worlds as an avatar, which each user customizes with clothing, gear, animations, simulated gestures, emotes, and other objects." (*Id.* ¶ 54.) "Roblox Studio is a proprietary engine that functions as a toolkit for developers and creators to build, publish, and operate the 3D games (called "experiences" by Roblox Corp.), and content for Roblox Client." (*Id.* ¶ 55.) Developers can also design "objects such as clothing, gear, and gestures," which they can then "sell in a user-to-user marketplace." (*Id.* ¶ 56.) Roblox "provides price floors for items." (*Id.* ¶ 134.) Moreover, Roblox takes a commission from every sale and charges users an "upload" or "selling" fee before they can upload any creation to the marketplace. (*Id.* ¶¶ 136-37.)

Developers' creations can earn them "Robux" which are "the Roblox digital currency" and are "spendable only in the Roblox platform." (*Id.* ¶¶ 14, 22.) Robux can either be "purchased" for real money—for example, through an in-game purchase with a credit card or through the purchase of a physical gift-card—or they can be "'earned' within the Roblox platform." (*Id.* ¶ 19.)

Robux can be used to "make purchases of virtual items to be used in games or apps within the Roblox ecosystem." (*Id.* ¶ 15.) Robux can also be converted back to U.S. dollars, though at a "significantly devalued rate"—one Robux is worth about $0.0035 dollars when cashing out. (*Id.* ¶¶ 16, 25.) "However, in order to even convert Robux to USD, a user must first meet several . . . requirements, including having a minimum of at least 30,000 earned Robux in their account and paying a monthly subscription fee." (*Id.* ¶ 26.) Moreover, "users must be at least 13 years of age or older" to join the "Developer Exchange Program" which allows users to convert their earned Robux to U.S. dollars. (*Id.* ¶¶ 103, 112.) "As a result, many child developers are unable to ever cash out their Robux for real-world funds because they are unable to meet the requirements to do so." (*Id.* ¶ 27.)

Roblox also "allow[s] users to be 'hired' by other users to work on their experiences and content." (*Id.* ¶ 147.) Roblox's "Talent Hub" "includes job postings for its users to earn Robux and work on game development projects with other users." (*Id.* ¶ 148.) "Several full-time posts"

2

on the Talent Hub "expressly state [the poster] will hire minors." (*Id.* ¶ 152.) "Roblox attempts to distance itself from taking any responsibility for exploitation on Talent Hub and instead tries to put the onus on parents to monitor their child's labor activities on Talent Hub." (*Id.* ¶ 153.)

Most of Roblox's users and developers are children. (*Id.* ¶ 23.) "The design of the Roblox platform was specifically intended to addict users— especially children—and encourage play for longer periods of time." (*Id.* ¶ 57.) "Roblox conceals these dangerous addictive properties, while at the same time holding the platform out as a safe and educational for its users." (*Id.* ¶ 60.)

"Most of the currently popular games" on Roblox "are made by whole teams of users who create games and continuously roll out updates to keep users playing." (*Id.* ¶ 185.) "These Roblox-associated teams are unregulated virtual communities that allow for the exploitation of child members by making it easy to lie to children, making children work for free, making children work for managers or bosses with zero experience in managing a team, and exposing children to multiple types of abuse and harassment." (*Id.* ¶ 187.) "Roblox also includes communication features that enable teams to organize their work, and Roblox purports to moderate these messages and check for abusive language." (*Id.* ¶ 189.) "However, developers can also use third-party chatrooms, such as Discord, to organize their Roblox projects," because it is "difficult to communicate" on Roblox's platform. (*Id.* ¶¶ 190, 192.) Third-party chatrooms also allow developers to avoid the Roblox moderation. (*Id.*) "[C]omplaints on the Roblox forums are often flagged as harassment," so users may have a difficult time lodging complaints about other users. (*Id.* ¶ 188.) "Roblox is aware of the abuse allegations and exploitation of children on its platform, yet it created an additional hurdle for young developers to seek recourse for any exploitation and abuse by refusing to allow them to lodge any kind of complaint." (*Id.* ¶ 206.)

"Roblox's design, with its user generated content, overwhelming minor population, and payment for experience creation, has created and fostered a system of child exploitation." (*Id.* ¶ 156.) "Despite its promise for children to make serious cash, Roblox knows that few of its games ever earn major income for developers." (*Id.* ¶ 176.) "Thus, Roblox's advertising that developing games on its platform is a serious money-making opportunity is false and merely a way to drive more users to their platform who buy more Robux, and to entice children under false pretenses to

build experiences from which Roblox can profit." (*Id.* ¶ 179.) "Roblox is aware of this fact and knows that it is incredibly easy to take advantage of the minor developers on their platform." (*Id.* ¶ 183.)

Raymond and Laura Noel "are parents of three children" who "have been playing on Roblox for at least the prior two years" and continue to play on Roblox. (*Id.* ¶¶ 217-18.) They "have spent thousands of dollars on Robux currency for their children's gameplay." (*Id.* ¶ 39.) "Plaintiffs would not have spent funds on Robux had they known that the Roblox platform was founded on the exploitation of their children and other children, who make up the platform's user base." (*Id.* ¶ 223.) "Instead, Plaintiffs believed, as Roblox advertised, that the platform was safe and educational for their children." (*Id.* ¶ 224.) "Now, Plaintiffs' children continue playing Roblox and requesting funds for Robux because they are addicted to the platform—just as Roblox intended." (*Id.* ¶ 225.)

Plaintiffs bring six claims against Roblox (1) violations of California's Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*; (2) violations of the California's Unfair Competition Law, California Business and Professions Code § 17200; (3) violations of California's False Advertising Law, California Business and Professions Code § 17500, *et seq.*; (4) Fraudulent Concealment; (5) Fraudulent Misrepresentation; and (6) Unjust Enrichment.

**DISCUSSION**

**I.    MOTION TO SEAL**

Roblox moves to redact certain portions of Ronita Camarena's declaration (Dkt. No. 25-2 ¶¶ 6-7, 17-18) and certain portions of Exhibit 3, which is attached to the declaration (Dkt. No. 25-3 at 2.) The proposed redactions are the usernames and account numbers of Plaintiffs' minor children's Roblox accounts. The Court holds there is good cause and compelling reasons to seal such personally identifiable information, especially since the information relates to minors. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This Court has found compelling reasons to seal personally identifiable information."). So, the Court GRANTS Roblox's motion and seals the requested portions of the documents.

## II.     MOTION TO COMPEL ARBITRATION

### A.     Factual Background

Raymond and Laura Noel obtained Robux for their children in two ways: (1) by "purchasing [] physical gift cards" and (2) "through Xbox Live." (*Id.* ¶ 222.) "Over the years their children have utilized the Roblox platform and because of the misrepresentations of Roblox, Plaintiffs have spend approximately $75 to $150 dollars per month on Robux for their children to spend in the gaming platform." (Dkt. No. 1 ¶ 221.) Raymond Noel has "purchased Robux several times[] at . . . retail locations." (Dkt. No. 33-1 ¶ 8.) Laura Noel has also "purchased Robux at [] retail locations." (Dkt. No. 33-2 ¶ 8.) Plaintiffs' children "have also received several Robux gift cards as gifts from other family members and friends." (Dkt. Nos. 33-1 ¶ 16; 33-2 ¶ 16.) Since March 30, 2023, the back of each Roblox gift card provided: "By purchasing, accepting or redeeming this card, you . . . agree to these terms and conditions and the Roblox Terms of Use" with a link to the terms of use. (Dkt. No. 26-1 ¶¶ 12-13.) Both Raymond and Laura Noel are "unaware" whether any language about the Roblox Terms of Use or Arbitration Agreement was on the back of the cards they purchased. (Dkt. Nos. 26-1 ¶ 9; 26-2 ¶ 9.) Both also testify they have "never seen, agreed, or consented to the Roblox Terms of Use." (Dkt. Nos. 26-1 ¶ 12; 26-2 ¶ 12.)

To use Robux associated with a physical gift card, the card's code "must be input . . . into a user['s] Roblox account." (*Id.* ¶¶ 93.) "After logging in, the user must visit 'www.roblox.com/redeem' to redeem their gift card." (Dkt. No. 26-1 ¶ 14.)

Both Plaintiffs state when they "purchased physical gift cards for Robux, [they] gave these physical cards to [their] children, and [the children] input them into their account themselves." (Dkt. Nos. 33-1 ¶ 15; 33-2 ¶ 15.) However, "[o]n a few occasions," the "children had difficulty inputting the Robux cards and did request assistance." (Dkt. Nos. 33-1 ¶ 15; 33-2 ¶ 15.) Indeed, Plaintiffs' complaint provides: "Plaintiffs and their children, . . . have had several issues inputting the Robux gift cards into their Roblox accounts. Accordingly, they were unable to obtain the Robux they had paid for and instead started paying for Robux mainly through Xbox Live." (Dkt. No. 1 at 31 n.75.)

5

1    Plaintiffs' children's accounts indicate they redeemed Robux gift cards on December 22,
2    2023, January 14, 2024, and February 14, 2024.  (Dkt. No. 26-1 ¶ 18.)  Two of those cards had, on
3    the back, text that indicated "[b]y purchasing, accepting, or redeeming this card, you . . . agree to
4    these terms and conditions and the Roblox Terms of Use" with a link to the terms, and provided
5    "[f]or the complete terms and conditions, including the arbitration agreement and class action
6    waiver, please visit" and a link the Roblox gift cards terms.  (*Id.* ¶ 19.)  Moreover, during the time
7    all three cards were redeemed, the  "www.roblox.com/redeem webpage included a field for
8    entering the user's Roblox Gift Card redemption code, a button that says 'Redeem,' and language
9    alerting the user that redeeming a code requires acceptance of Roblox's Terms of Use, including
10   an arbitration clause, by a person who is 18 years old:"



21   (*Id.* ¶ 15.)  "The bolded text '**Terms of Use**' on 'www.roblox.com/redeem' was a hyperlink to the
22   Roblox Terms of Use webpage."  (*Id.* ¶ 16.)  "[T]he bolded text '**Gift Card Terms &**
23   **Conditions**' was a hyperlink to a webpage that provided a hyperlink to Roblox's U.S. Gift Card
24   Terms & Conditions.  (*Id.*)

25   The Roblox Terms of Use, as of November 14, 2023, provide:

26   > Except as otherwise permitted in the Roblox Terms, you agree that
27   > any dispute, claim, or controversy you may have with Roblox arising
     > under or relating in any way to the Roblox Terms or the Services
     > ("Dispute") will be governed and resolved through the Mandatory
28   > Informal Dispute Resolution ("MIDR") process (as outlined below).

> **FOR U.S. RESIDENTS ONLY**: If the MIDR process has been completed but the Dispute remains unresolved, you agree that such Dispute will be determined through binding arbitration (as outlined below) and not through litigation. This agreement applies regardless of the legal theories involved in the Dispute and regardless of whether the Dispute is with Roblox, its subsidiaries, affiliates or parent company, or any suppliers or service providers involved with the Services, or their officers, directors, employees, agents, or successors. **YOU ACKNOWLEDGE AND AGREE THAT YOU ARE GIVING UP THE RIGHT TO FILE A LAWSUIT IN COURT BEFORE A JUDGE OR JURY, INCLUDING IN A CLASS ACTION, FOR ANY DISPUTES SUBJECT TO THE ARBITRATION PROVISION BELOW.**

(Dkt. No. 26-2 at 11.)  The Terms of Use Arbitration Provision further details:

> b. **Arbitration Agreement. THE FOLLOWING APPLIES TO U.S. USERS ONLY**. If there is a Dispute between us, and we're unable to resolve it through the MIDR process described in subsection a. above, this subsection explains in detail the process for resolving that Dispute. **Please read this section carefully; it's important.**
>
> i. ARBITRATION AGREEMENT AND CLASS ACTION WAIVER. EXCEPT AS OTHERWISE PROVIDED IN THE **ROBLOX TERMS**, **USER** AND **ROBLOX** AGREE THAT ANY DISPUTE THAT CANNOT BE RESOLVED THROUGH MIDR , WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AS SET FORTH HEREIN, RATHER THAN IN COURT. USER AND ROBLOX THEREBY AGREE TO WAIVE ANY RIGHT TO A JURY TRIAL AND AGREE THAT USER AND ROBLOX MAY BRING CLAIMS AGAINST EACH OTHER ONLY IN AN INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS ACTION OR CLASS ARBITRATION.
>
> This arbitration agreement and class action waiver (“**Arbitration Agreement”)** applies to all Users who are United States residents and, except as provided below, to all Disputes—regardless of (a) the legal theories involved in the Dispute, (b) when the Dispute arose, and (c) whether the Dispute is with Roblox, with Roblox's subsidiaries, affiliates, or parent company, or with any suppliers or service providers involved with the Services (including any officers, directors, employees, agents, or successors).
>
> ii. Federal Arbitration Act; Interpretation; and Enforcement. This Arbitration Agreement is governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) (“**FAA**”), including its procedural provisions, in all respects. This means that the FAA governs, among other things, the interpretation and enforcement of this Arbitration Agreement and all of its provisions, including, without limitation, the class action waiver. State arbitration laws do not govern in any respect. Further, User and Roblox each agree that the Roblox Terms evidence a transaction involving interstate commerce and will be governed by and construed in accordance with federal law to the fullest extent possible. . .

> vii. Delegation; Interpretation. The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to the extent permitted by law to resolve all Disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of the Roblox Terms, including, but not limited to, any claim that all or any part of the Roblox Terms is void or voidable; however, in the event of a Dispute about which particular version of the Roblox Terms you agreed to, a court will decide that specific question prior to the commencement of the arbitration. This Arbitration Agreement is intended to be broadly interpreted and will survive termination of the Roblox Terms. . .
>
> x. Exceptions. The Arbitration Agreement shall be subject to the following exceptions: Users and Roblox retain the right to participate in class-wide settlement of claims. The Arbitration Agreement does not apply to Users who are not residents of the United States, or to Users who (pursuant to subsection ix above) properly opt-out of the entire Arbitration Agreement within 30 days of signing up for the Services for the first time. If a Dispute is within the jurisdiction of small claims court, either the User or Roblox may (after engaging in the MIDR process) choose to take the Dispute to small claims court in the User's county of residence, or in the Superior Court of California, County of San Mateo. If a Dispute involves a claim that asserts infringement of patent, copyright, trademark, or trade secret rights, either the User or Roblox may assert the claim in federal or state court, as set forth in Section 15.

(Dkt. No. 26-2 at 12-14.)  Plaintiffs both indicate they "do not recall" if they purchased the specific gift cards Roblox identifies as the cards redeemed on December 22, 2023, January 14, 2024, or February 14, 2024.  (Dkt. Nos. 33-1 ¶ 16; 33-2 ¶ 16.)

**B.     Discussion**

"Arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 648 (1986).  "As a result, when one party disputes 'the making of the arbitration agreement,' the Federal Arbitration Act requires that 'the court [ ] proceed summarily to the trial thereof' before compelling arbitration under the agreement." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) (quoting 9 U.S.C. § 4).  "Issues regarding the *validity* or *enforcement* of a putative contract mandating arbitration should be referred to an arbitrator, but challenges to the *existence* of a contract as a whole must be determined by the court prior to ordering arbitration." *Id.*

In determining whether an arbitration agreement exists, "district courts rely on the

summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Accordingly, the Court will hold a contract to arbitrate was formed if Roblox demonstrates, while viewing the evidence in the light most favorable to Plaintiffs, "there is no genuine dispute as to any material fact" as to the formation of the arbitration agreement. Fed. R. Civ. Pro. 56(a); *see also Hansen*, 1 F.4th at 672 (holding a district court considering a motion to compel arbitration must "give to the opposing party the benefit of all reasonable doubts and inferences that may arise"); *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 517 (9th Cir. 2023) (same). Drawing all reasonable inferences in Plaintiffs' favor, Roblox has not established there is no genuine dispute of material fact as to whether an arbitration agreement between Plaintiffs and Roblox exists. "To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ingle v. Cir. City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "[U]nder California law, mutual assent is a required element of contract formation." *Knutson*, 771 F.3d at 565. Viewing the evidence in the light most favorable to Plaintiffs, Roblox has not shown, as a matter of law, Plaintiffs assented to Roblox's Terms of Use or the arbitration agreement within those terms.

    Roblox asserts "Plaintiffs purchased at least two gift cards" with language indicating the purchase of the cards qualifies as agreement to Roblox's Terms of Use, so Plaintiffs "agreed to the Terms simply by purchasing the cards." (Dkt. No. 26 at 16; *see also* Dkt. No. 26-1 ¶ 19.) But, Roblox has not established as a matter of undisputed fact Plaintiffs themselves purchased those cards. Plaintiffs allege their children have "received several Robux gift cards as gifts from other family members and friends." (Dkt. Nos. 33-1 ¶ 16; 33-2 ¶ 16.) Further, Plaintiffs both indicate they "do not recall" if they purchased the specific gift cards Roblox identifies. (Dkt. Nos. 33-1 ¶ 16; 33-2 ¶ 16.) Both Raymond and Laura Noel are "unaware" whether any language about the Roblox Terms of Use or Arbitration Agreement was on the back of the cards they purchased. (Dkt. Nos. 26-1 ¶ 9; 26-2 ¶ 9.) Both also testify they have "never seen, agreed, or consented to the Roblox Terms of Use." (Dkt. Nos. 26-1 ¶ 12; 26-2 ¶ 12.) Roblox has the burden of establishing a

1  contract to arbitrate was formed.  Viewing the evidence in the light most favorable to Plaintiffs,
2  Roblox has not established either Raymond or Laura Noel purchased any cards with language
3  specifying the purchase of the card was an agreement to the Terms of Use.
4        Roblox also argues Plaintiffs consented to the Terms of Use, including the arbitration
5  agreement, by redeeming the gift cards for Robux.  The Roblox account associated with one of
6  Plaintiffs' children indicates gift cards were redeemed on December 22, 2023, January 14, 2024,
7  and February 14, 2024.  (Dkt. No. 26-1 ¶ 18.)  While Plaintiffs allege they have provided
8  "assistance" to their children "[o]n a few occasions," (Dkt. Nos. 33-1 ¶ 15; 33-2 ¶ 15), and both
9  they and their children, have had "several issues inputting the Robux gift cards" onto their
10 children's accounts, (Dkt. No. 1 at 31 n.75), drawing inferences in Plaintiffs' favor, as the Court
11 must, these allegations do not establish as a matter of undisputed fact that Plaintiffs assisted their
12 children in redeeming the gift cards on December 22, 2023, January 14, 2024, or February 14,
13 2024, as opposed to any other date.  Nor has Roblox presented any evidence of what the
14 redemption process involved before August 2023.  Further, Plaintiffs do not allege *how* they
15 assisted their children in redeeming the Robux.  So, the record does not establish as a matter of
16 law Plaintiffs agreed to the arbitration provision when they assisted their children in redeeming
17 gift cards to their Roblox accounts on unknown dates.
18       The Federal Arbitration Act "makes clear that '[i]f the making of the arbitration agreement
19 or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed
20 summarily to the trial thereof.'"  *Hansen*, 1 F.4th at 672 (quoting 9 U.S.C. § 4).  "To implement
21 this language, once a district court concludes that there are genuine disputes of material fact as to
22 whether the parties formed an arbitration agreement, the court must proceed without delay to a
23 trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues
24 have been resolved."  *Id.*
25       The Ninth Circuit has "confirmed that the FAA's procedure mirrors the three phases of
26 federal civil lawsuits: a motion to compel arbitration akin to a motion to dismiss; followed by
27 optional discovery before summary judgment, if the motion is denied; followed by a mini-trial, if
28 necessary."  *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 833 (9th Cir. 2022).  The present motion

10

to compel arbitration is akin to the first phase: a motion to dismiss.  As Roblox did not show it had an agreement to arbitrate with Plaintiffs as a matter of law, the case moves to the next phase: discovery.  After discovery, the parties will brief—under the summary judgment standard—whether the record establishes as a matter of law Plaintiffs entered into an arbitration agreement with Plaintiffs.  If there remains a genuine dispute, the case will proceed to trial on the issue of the making of an arbitration agreement.

## CONCLUSION

The Court GRANTS Roblox's motion to seal.  The Court DENIES Roblox's motion to compel arbitration and motion to dismiss without prejudice.  The Court also DENIES Plaintiffs' motion for leave to amend, also without prejudice, for the reasons stated at oral argument.

The Court will hold an initial case management conference on August 29, 2024 at 1:30 p.m. via Zoom video.  A joint case management conference statement is due August 27, 20204 by noon.  The Statement should address what discovery will be conducted, the schedule for the discovery, and the anticipated timing of a renewed motion to compel arbitration.

This Order Resolves Dkt. Nos. 25, 26, 28, and 39.

**IT IS SO ORDERED.**

Dated: August 8, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

11