AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Raymond Noel, et. al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:24-cv-00963-JSC |
| Roblox Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:
Walmart, Inc.
702 SW 8th Street, Bentonville, AR 72716

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto

| Place: Husch Blackwell LLP | Date and Time: |
|---|---|
| 1999 Harrison Street, Suite 1300 Oakland, CA 94612 | November 22, 2024; 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11-1-2024

*CLERK OF COURT*

_____         OR         _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Roblox Corporation
_____ , who issues or requests this subpoena, are:

Jennifer Lee (jennifer.lee@huschblackwell.com) 1999 Harrison Street Suite 1300, Oakland, CA 94612 (510)768.0650.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-cv-00963-JSC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

JENNIFER J. LEE (SBN 203774)
Jennifer.Lee@huschblackwell.com
HUSCH BLACKWELL LLP
1999 Harrison St., Suite 1300
Oakland, CA 94612
*Telephone:*    510.768.0650
*Facsimile:*    510.768.0651

Attorneys for Defendant
ROBLOX CORPORATION

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND NOEL and LAURA NOEL, on behalf of themselves and all others who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION,<br><br>Defendant. | Case No. 3:24-cv-00963-JSC<br><br>Judge: Hon. Jacqueline Scott Corley |

## SCHEDULE A

**I.    DEFINITIONS**

1.    "ACTION" means the above-captioned case titled *Noel et al. v. Roblox*, No. 3:24-CV-00963-JSC (N.D. Cal.) ("*Noel v. Roblox*").

2.    "ALL" means each and every.

3.    "AND" or "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

4.    "ANY" means one or more.

5.    "COMMUNICATION(S)" is used in its broadest sense and includes but is not limited to any transmission or exchange of information between two or more PERSONS, by every manner or means of disclosure or transfer or exchange of information, whether orally, in writing,

or otherwise, and including, but not limited to, any conversation or discussion by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, fax transmission, cable, e-mail, or electronic or any other medium. This definition shall be construed consistent with the Federal Rules of Civil Procedure and any stipulated order concerning the Electronically Stored Information entered in this ACTION.

6. "DOCUMENT" is used in its broadest sense as allowed by the Federal Rules of Civil Procedure and includes electronic records in any format. It includes but is not limited to original and all non-identical copies, whether by reason of marginal notes, attachments or other notes or alterations, and means, without limitation, the following items, whether printed, recorded, contained in a computer database or disk, reproduced by any other mechanical, magnetic, or electronic process or handwritten, including all drafts thereof: accounting materials, accounts, agreements, analyses, appointment books, bills, books of account, checks (front and back) or check stubs, claims file, computer data, computer disks, computer-generated or stored information, computer programming materials, contracts, correspondence, date books, diskettes, e-mail messages, faxes, graphs, charts, maps, diagrams, guidelines, instructions, inter-office communications, invoices, ledgers, letters, licenses, logs, memoranda, metadata, minutes, notes, opinions, pamphlets, payments, photographs, pictures, receipts, records, recordings, records or notes of meetings or conferences, reports, sales literature, sound recordings, statements, summaries or records of personal conversations or interviews, surveys, surveillance video, videotapes, vouchers, word processing materials (however stored or maintained) and working papers, and all other papers or writings of any character or description. The term "DOCUMENT" also includes, but is not limited to, any information contained in any computer or information retrieval devices, and any marginal comments appearing on or affixed to any document and other writings. This definition shall be construed consistent with the Federal Rules of Civil Procedure and any stipulated order concerning the Electronically Stored Information entered in this ACTION.

7. "IDENTIFY" when used with respect to a DOCUMENT shall mean to provide the following information relating to such DOCUMENT:

**SCHEDULE A**
**CASE NO. 3:24-CV-00963-JSC**

i.   A description of the nature and contents of the DOCUMENT in such a manner that the custodian of the DOCUMENT would be able to locate it in response to a subpoena or Request;

ii.  The date the DOCUMENT was made or entered into and the name, address, telephone number, occupation, job title, and employer of each PERSON whose testimony could be used to authenticate such DOCUMENT and lay the foundation for its introduction into evidence;

iii. The name, address, telephone number, occupation, job title, and employer of the PERSON(S) who prepared the DOCUMENT;

iv.  The identity of the PERSON(S) to whom the DOCUMENT was sent, and who received each and every copy of the DOCUMENT; and

v.   The name, address, telephone number, occupation, job title, and employer of the present custodian thereof.

8.     "IDENTIFY" when used with respect to a natural PERSON shall mean that YOU provide the following information with respect to the PERSON:

i.   The name;

ii.  The business address and telephone number;

iii. The residence address and telephone number; and

iv.  The name and employer or business with whom the PERSON was associated and the PERSON'S title and position at the time relevant to the identification.

9.     "IDENTIFY" when used with respect to a PERSON that is not a natural PERSON shall mean, to the extent applicable, to provide the same information required as though the entity were a natural PERSON and

i.   The nature of the entity; and

ii.  The identity of the PERSON(S) who are its partners, owners, or hold controlling interests.

10.    "PAYMENT" means any exchange of money, fiat currency, bitcoin, cryptocurrency, electronic currency, items of value, and/or goods, for services.

11.    "PERSON" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

12.    "PLAINTIFF" means Plaintiffs Raymond Noel and Laura Noel and ANY other individual named as a plaintiff in the ACTION.

13.    "RELEVANT TIME PERIOD" refers to the period beginning on August 15, 2021 through the present.  Unless a different time period is specified, each request shall be construed to use this definition.

14.    "RELATED TO" or "RELATING TO" means constituting, comprising, concerning, containing, mentioning, pertaining, involving, describing, depicting, discussing, commenting on, embodying, referring to, responding to, supporting, setting forth, showing, disclosing, explaining, or summarizing, either directly or indirectly, in whole or in part, as the context makes appropriate, and should be given the broadest possible scope.

15.    "ROBLOX" means Roblox Corporation, the Defendant in the ACTION.

16.    "ROBLOX GIFT CARD" means any and all prepaid gift cards sold at any of YOUR stores (including online stores and physical stores), no matter what the denomination of said gift card.

17.    "YOU" means Walmart, Inc. ("Walmart"), including all Walmart subsidiaries, retail stores and online stores, including but not limited to Walmart Supercenter, Walmart Discount Store, Walmart Neighborhood Market, walmart.com, Sam's Club, samsclub.com, and anyone acting at YOUR direction or on YOUR behalf, including but not limited to YOUR partners, agents, independent contractors, and assignees.

18.    The use of the singular form of any word includes the plural, and use of the plural form includes the singular form.

19.    The use of the present tense includes the past tense.

20.    For any term used herein that is not otherwise specifically defined, the common and ordinary meaning of such term is intended.  Any ambiguity YOU claim exists shall be resolved so as to construe these Requests as broadly as possible.

II.    **INSTRUCTIONS**

1.      These Requests seek the production of Documents to the fullest extent provided in the Federal Rules of Civil Procedure and shall be interpreted so as to make each Request inclusive rather than exclusive.

2.      Responsive Documents should be produced in the manner prescribed by Rule 45 of the Federal Rules of Civil Procedure.

3.      In responding to this Subpoena, YOU shall produce all responsive Documents in YOUR possession, custody, or control or in the possession, custody, or control of any of YOUR agents or other representatives. A Document shall be deemed within YOUR control if YOU have the ability to secure the Document or a copy of the Document from another Person having possession or custody of the Document.

4.      YOU should respond to each request separately, completely, and fully. Each Document or tangible thing produced in response to these Requests shall be produced as it is kept in the usual course of business, including file folders, binders, notebooks, and other devices by which such papers or things may be organized or separated, or it shall be organized and labeled to correspond with the Requests to which it is responsive. All Documents that are physically or electronically attached to each other shall be produced in that form and designated accordingly in an electronic production.

5.      Documents shall be produced in their entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto.

6.      Documents shall be produced and numbered in such a manner that ensures that the source of each Document may be determined. Documents should be Bates numbered.

7.      In responding to these requests, YOU shall produce all responsive Documents available at the time of production and YOU shall supplement YOUR responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

8.      YOU shall produce all non-privileged Documents or tangible things in YOUR possession, custody, or control that are responsive to these Requests.  If YOU object to part of a Request and refuse to respond to that part, YOU shall produce all Documents called for which are not subject to that objection.  If YOU object to the scope of the time period of a Request,

SCHEDULE A
CASE NO. 3:24-CV-00963-JSC

YOU shall state YOUR objection and produce all Documents responsive to the Request that are not covered by YOUR objection.

9.    If, in responding to these Requests, YOU encounter any ambiguities when construing a Request, Definition, or Instruction, YOU shall set forth in its written response to the Request the matter deemed ambiguous and the construction used in responding.

10.    Documents not otherwise responsive should be produced if they mention, discuss, refer to or explain any responsive Document, if they are attached to any responsive Document, or if they contain responsive Documents as attachments.

11.    If there are no Documents or things responsive to any particular Request, YOU are requested to indicate the same in writing.  If any responsive Document is no longer in existence, cannot be located or is not in YOUR possession, custody or control, YOU shall identify it, describe its subject matter, and describe its disposition, Including without limitation identifying whether the Document is (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others, or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, all Persons having knowledge of the disposition, and the circumstances surrounding its disposition.

12.    If YOU believe that any Request calls for the disclosure of privileged information, YOU must comply with the requirements of FRCP 26(b)(5) and Local Civil Rule 34.1, including by stating in writing: (i) the date the Document was created, last modified, and/or viewed by YOU; (ii) the name, position, and address of its author; (iii) the name, position, and address of each Person who received the Document or copies thereof; (iv) the subject matter and type of Document; (v) the title of the Document; and (vi) the nature of the privilege claimed and the grounds therefore.

13.    When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, YOU shall identify as to

SCHEDULE A
CASE NO. 3:24-CV-00963-JSC

each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the individual performing the redaction or alteration. Any redaction must be clearly visible on the redacted Document.

## III.   FORM OF PRODUCTION

Hard copy documents and electronically stored information (ESI) should be produced as they are kept in YOUR normal course of business, accompanied by a business records certification that complies with Rules 902(11) and (12) of the Federal Rules of Evidence.

## IV.   REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Regardless of time period, All DOCUMENTS RELATED TO purchases made at any of YOUR retail or online stores, if such purchase records are or were RELATED TO any of the following individuals and/or identifiers, no matter what PAYMENT method was used:

1.   Raymond Noel a/k/a Raymond Ralph Noel ("Raymond Noel")
   a.   Year of birth: 1980
   b.   Address: 2031 Hendricks Lane, Bakersfield, CA 93304
   c.   Credit card numbers: 4011 [middle 8 digits redacted] 8373, exp. 03/2026[1]
   d.   Phone number(s): 661-319-5712, 661-319-8389

2.   Laura Vanessa Noel ("Laura Noel")
   a.   Year of birth: 1982
   b.   Address: 2031 Hendricks Lane, Bakersfield, CA 93304
   c.   Credit card numbers: 4011 [middle 8 digits redacted] 0555, exp. 10/2027[2]
   d.   Phone numbers: 661-319-5712, 661-319-8389

3.   Roblox gift card purchased on or before January 14, 2024, with the following identifying information:
   a.   Value: $25.00
   b.   PIN:  RINL7RDUWTYPVWR4V9

---

[1] Should Walmart require the full credit card number, please contact any of the undersigned attorneys, and we will provide the full number via a secure method.
[2] See n.1.

c.  Serial: 16380005496

d.  VAN: 6058120055028750660

e.  Gift card issuer: InComm

4.  Any and all DOCUMENTS showing Roblox Gift Card purchases by Raymond Noel or Laura Noel (using any of the identifiers listed above, and using any PAYMENT method, including cash).

5.  Any and all DOCUMENTS showing the precise items purchased from Walmart by Raymond Noel or Laura Noel as set forth in the chart below, as reflected in bank records produced by Raymond Noel and Laura Noel:

| Date | Amount | Additional Information | Store Address |
|---|---|---|---|
| 9/30/2021 | $6.00 | POS #127300597072 | Unknown |
| 12/23/2021 | $74.66 | POS # 1357S5283100 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 12/25/2021 | $59.70 | WITHDRAWAL ADJUSTMENT DEBIT CARD CREDIT VOUCHER | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 12/26/2021 | $9.68 | POS # 136000668406 | Unknown |
| 1/1/2022 | $51.58 | POS #200100850534 | Unknown |
| 1/17/2022 | $59.31 | POS # 201732575700 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 1/23/2022 | $2.16 | POS # 202200088551 | Unknown |
| 4/23/2022 | $51.27 | POS #211320407324 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 7/3/2022 | $185.31 | POS #218400653488 | Unknown |
| 7/16/2022 | $10.81 | POS # 219711117664 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 8/28/2022 | $37.85 | POS #224000283944 | Unknown |
| 8/28/2022 | $44.36 | POS #224000284340 | Unknown |
| 9/3/2022 | $55.66 | POS # 224607884000 | 8400 Rosedale Hwy, Bakersfield, CA 93312 (Store #2557) |
| 9/17/2022 | $49.82 | POS # 225900249783 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 10/8/2022 | $74.44 | POS # 228147455900 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 10/16/2022 | $21.62 | POS # 228900404540 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 10/29/2022 | $8.48 | POS #230223405300 | 8400 Rosedale Hwy, Bakersfield, CA 93312 (Store #2557) |
| 11/10/2022 | $54.13 | POS # 110511251014 | Online |
| 11/12/2022 | $49.40 | POS # 231600817130 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 11/21/2022 | $84.87 | POS # 232500028915 | 2601 Fashion Pl., Bakersfield, CA 93306 (Store #1624) |
| 12/11/2022 | $50.00 | POS #234500419554 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 12/26/2022 | $36.92 | POS #236079756358 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |

8

SCHEDULE A
CASE NO. 3:24-CV-00963-JSC

| Date | Amount | Description | Location |
|---|---|---|---|
| 2/8/2023 | $12.05 | POS #303967209292 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 4/30/2023 | $27 .61 | POS #312083176600 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 4/30/2023 | $5.68 | POS #312079045678 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 5/7/2023 | $76.32 | POS # 312700302048 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 5/13/2023 | $20.85 | POS #313300812081 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 5/13/2023 | $2.96 | POS # 313310757400 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 6/1/2023 | $107 .81 | POS # 315284304511 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 6/2/2023 | $44.65 | POS # 315452241100 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 6/10/2023 | $58.58 | POS #316100706787 | 5075 Gosford Rd, Bakersfield, CA 93313 (Store #5134) |
| 7/1/2023 | $15.59 | POS #318200165036 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 7/4/2023 | $66.13 | POS #318536396500 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 7/11/2023 | $3.25 | WITHDRAWAL ADJUSTMENT DEBIT CARD CREDIT VOUCHER | Online |
| 7/12/2023 | $16.22 | WITHDRAWAL DEBIT CARD PAYPAL | Online |
| 7/21/2023 | $12.97 | WITHDRAWAL ADJUSTMENT DEBIT CARD CREDIT VOUCHER | Online |
| 8/13/2023 | $9.97 | POS #322574305400 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 10/15/2023 | $23.39 | POS # 328870205575 | 5075 Gosford Rd., Bakersfield, CA 93313 (Store #5134) |
| 11/18/2023 | $94.65 | POS #332221413500 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 11/18/2023 | $128.68 | POS #332270493600 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 11/21/2023 | $30.27 | POS #332500169318 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 11/23/2023 | $25.96 | WITHDRAWAL DEBIT CARD PAYPAL | Online |
| 11/29/2023 | $25.96 | WITHDRAWAL ADJUSTMENT DEBIT CARD CREDIT VOUCHER | Online |
| 12/5/2023 | $497.32 | POS #333915906200 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 12/8/2023 | $105.84 | POS #334232260000 | 2601 Fashion Pl., Bakersfield, CA 93306 (Store #1624) |
| 12/27/2023 | $96.70 | POS #336119182000 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 12/29/2023 | $81.75 | POS #336437453450 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 1/12/2024 | $7.97 | POS #401200661039 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 1/14/2024 | $126.07 | POS # 401430437600 | 5075 Gosford Rd., Bakersfield, CA 93313 (Store #5134) |
| 1/14/2024 | $24.05 | POS #401400603826 | 5075 Gosford Rd., Bakersfield, CA 93313 (Store #5134) |
| 1/15/2024 | $119.35 | POS #401617261762 | 5075 Gosford Rd., Bakersfield, CA 93313 (Store #5134) |
| 1/17/2024 | $214.34 | POS #401727778300 | 2601 Fashion Pl., Bakersfield, CA 93306 (Store #1624) |
| 1/18/2024 | $38.91 | POS # 401816290500 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 1/26/2024 | $62.00 | POS # 402600766354 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |

SCHEDULE A
CASE NO. 3:24-CV-00963-JSC

| Date | Amount | Type | Location |
|---|---|---|---|
| 2/1/2024 | $181.77 | POS #403273519900 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 2/24/2024 | $227.27 | POS # 405508857400 | 2601 Fashion Pl., Bakersfield, CA 93306 (Store #1624) |
| 3/8/2024 | $44.58 | WITHDRAWAL DEBIT CARD PAYPAL | Online |
| 3/16/2024 | $126.52 | PCS #407622324200 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 3/17/2024 | $112.32 | PCS # 407722918400 | 8400 Rosedale Hwy, Bakersfield, CA 93312 (Store #2557) |
| 3/23/2014 | $65.45 | PCS # 408394710192 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 3/23/2014 | $105.96 | POS #408300726569 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 3/30/2014 | $192.99 | POS #409000186121 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 4/10/2024 | $22.29 | WITHDRAWAL ADJUSTMENT DEBIT CARD CREDIT VOUCHER PAYPAL | Online |
| 5/4/2024 | $179.50 | POS # 412500885046 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 5/6/2024 | $10.80 | WITHDRAWAL ADJUSTMENT DEBIT CARD CREDIT VOUCHER | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 5/12/2024 | $23.87 | POS # 413347640992 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 6/5/2024 | $11.01 | POS # 415700048494 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 6/29/2024 | $162.25 | POS #418100512583 | 2601 Fashion Pl., Bakersfield, CA 93306 (Store #1624) |
| 7/14/2024 | $35.40 | POS # 419600673504 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |
| 7/27/2024 | $58.99 | POS #420900068436 | 6225 Colony St, Bakersfield, CA 93307 (Store #1574) |

**REQUEST FOR PRODUCTION NO. 2:**  All available surveillance video footage for any and all purchases of Roblox Gift Cards by Raymond Noel or Laura Noel (using any of the identifiers listed above).

Dated: November 1, 2024                    ROBLOX CORPORATION


                                           */s/ Jennifer J. Lee*
                                           Jennifer J. Lee
                                           Attorney for Defendant

10

**PROOF OF SERVICE**

*Raymond Noel, et al. v. Roblox Corporation*
U.S. District Court Northern District Of California Case No. 3:24-CV-00963-JSC

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Alameda, State of California. My business address is 1999 Harrison St., Suite 1300, Oakland, CA 94612.

On November 1, 2024, I served true copies of the following document(s) described as

**NOTICE OF SERVICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO NON-PARTY**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 1, 2024, at Oakland, California.

_____
ROSE MANABAT

3                                                     NOT. OF SERVICE OF SUBPOENA
                                                      CASE NO. 3:24-CV-00963-JSC

4873-1130-1877.1